Opinion filed August 21, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00121-CR
_____

## JOSHUA THOMAS BALDWIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-40,495**

## M E M O R A N D U M   O P I N I O N

Joshua Thomas Baldwin pleaded guilty in September 2012 to the offense of burglary of a habitation. In accordance with a plea agreement, the trial court convicted Appellant of the offense and assessed Appellant's punishment at confinement for eight years and a fine of $1,000. The trial court suspended the imposition of the confinement portion of the sentence, and it placed Appellant on

community supervision for a term of eight years. In November 2012, the trial court entered an order amending the rules of Appellant's community supervision.

In October 2013, the State filed a motion to revoke Appellant's community supervision in which it alleged that Appellant had committed five violations of the terms of his community supervision. At a hearing on the State's motion to revoke, Appellant pleaded "true" to all of the alleged violations. After receiving evidence, the trial court found all of the allegations to be true, revoked Appellant's community supervision, and assessed Appellant's punishment at confinement for five years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the motion and a copy of the brief, and counsel has advised appellant of his right to review the record and file a response to counsel's brief.[1] A response has not been filed.[2] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit

---

[1]Counsel has also provided Appellant with copies of the reporter's record and the clerk's record in this appeal and with a copy of a pro se motion for access to the appellate record.

[2]By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM

August 21, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.